Nash, C. J*.
 

 We cannot perceive the relevancy of the evidence offered by the plaintiff as to the payment of the $2000. It had nothing to do with the case. His Honor was correct in telling the jury that notwithstanding the evidence, there was no obstacle to the plaintiff’s recovery oil account of a want of consideration for the deed. The deed under which both parties claimed, expressed a consideration of one thousand dollars. Under the instruction of the Court upon other points, the jury rendered a verdict for the plaintiff.
 

 The defendant’s counsel here, moved in arrest of judgment, that the term set out in the plaintiff’s declaration had expired before the rendering of the judgment. The plaintiff met this motion by a motion to amend in this Court; the matter not having been brought to the notice of the Court below.
 

 The power of the Court to amend this defect is sustained by many cases. Tlie proceedings in an action of ejectment are, throughout, fictitious, and the Court will mould them to the attainment of justice. The first case in which the question
 
 *305
 
 was decided in this State, was that of
 
 Young
 
 v.
 
 Erwin
 
 in 1796 : 1 Hay. Rep. 323. The Court there decide, after very able argument at the bar, that where the demise in a declaration of ejectment is about to expire before a trial can be had, the plaintiff will be permitted to amend by extending the term. In declaring their opinion, the Court, after adverting to some distinctions as to the time when such amendments will be allowed, say, since these distinctions were supposed to exist, it is established that the term will be extended at any time to meet the justice of the case; and such has been the practice from that time to this. Indeed, the only question in such cases is as to the terms upon which the amendment will be allowed. It is a general rule that where an amendment, necessary to the party asking it, is allowed, he must pay costs ; sometimes the whole, up to making the amendment; in other cases, simply the costs of the term at which it is made. "Where the allowing of costs is in the discretion of the Court, they will be allowed or not, as justice demands. If the party asking the amendment has been in fault in rendering it necessary, or is, by it seeking a benefit or interest, he must pay costs ; but where he is in n<o fault, he ought to pay none. An ejectment is the creature of the Court; the demise in the declaration is a fiction, and its term immaterial: the leading object of the action being to try the title of the plaintiff. At the time the declaration rvas filed, the term stated was reasonable. The plaintiff had a right to expect to have his case tried within that time. The action was commenced in 1848, and was tried at Spring Term, 1853, when the plaintiff obtained a judgment, and the defendant appealed to this Court, where a
 
 mnwe, de novo
 
 was awarded at December Term, 1853. So that the defendant was himself instrumental in occasioning the delay. If the motion to amend the demise had been made below, it would have been granted, and without costs. We cannot suffer the plaintiff to be deprived of the benefit -of his judgment, or make him pay for an amendment rendered necessary by the law’s delay..
 

 The plaintiff has leave to amend the declaration by extend
 
 *306
 
 ing the term of the demise, and the judgment below is affirmed.
 

 Per Curiam.
 

 Judgment affirmed.